UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

 v.          Criminal No. 09-cr-71-01-SM

Robert Lee McClain


### ORDER OF DETENTION PENDING TRIAL

  In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted today for the purpose of determining whether to detain defendant, Robert Lee McClain, who has been indicted on one count of knowingly and unlawfully possessing with the intent to distribute cocaine.

  Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

  Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions

will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offense charged has been committed and that the defendant has committed it. Further, the offense charged against the defendant is one for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the

defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably, the burden is one of production, not of persuasion.  Id. at 380-81.

Here, I find that the defendant fails to rebut the presumption with regard to risk of flight and danger to the community.  Specifically, almost 200 grams of cocaine were seized as a result of a traffic stop.  The substance was allegedly found in a laundry bag on the rear passenger floor of the stopped vehicle, in which the defendant was the only occupant. The defendant has strong ties to the Bronx, no ties to New Hampshire and ties to Maine in the form of his pregnant girlfriend, Amber Love.  The 23-year old defendant has had no employment since he was 21. He was arrested on June 6, 2007 in Rutland County, VT and charged with drug conspiracy and possession of less than 2.5 grams of cocaine.  He failed to appear there on July 19, 2007, four days before he pleaded guilty to minor drug charges in Bronx County, NY.

The defendant here is the type of individual Congress envisioned when it established the statutory presumption.

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant, particularly in view of the outstanding warrant on felony charges in Vermont.

Upon full consideration of the detailed arguments offered by the government and defense, I am satisfied that the defendant has not rebutted the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant Robert Lee McClain be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection

with a court proceeding.

**SO ORDERED.**

                                        _/s/ Justo Arenas_
                                        Justo Arenas
                                        United States Magistrate Judge

Date: April 2, 2009

cc:   Paul Garrity, Esq.
       Jennifer C. Davis
       U.S. Marshal
       U.S. Probation

6